IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONNA K. SOUTTER,
For herself and on behalf of all
Similarly situated individuals,

                Plaintiff,                          **Civil No.  3:10-cv-00514-HEH**

v.

TRANS UNION, LLC,

                Defendant.

## DEFENDANT TRANS UNION LLC'S
## ORIGINAL ANSWER AND DEFENSES

Trans Union LLC ("Trans Union"), by counsel, files its Original Answer and Defenses to

Donna K. Soutter's ("Plaintiff") Class Complaint ("Complaint").  The paragraph numbers below

correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent

possible.

## INTRODUCTION

1.      Trans Union admits that Plaintiff's Complaint purports to assert claims under the

Fair Credit Reporting Act ("FCRA") on behalf of Plaintiff and a class of other consumers.  Trans

Union denies that it has any liability to Plaintiff or any other consumer and denies the remainder

of the allegation contained in paragraph 1 of the Complaint.

## JURISDICTION

2.      Trans Union admits that the Court has jurisdiction pursuant to 15 U.S.C. §

1681(p) and 28 U.S.C. § 1331.  Trans Union denies the remaining allegations in paragraph 2 of

the Complaint.

3.      Trans Union admits that venue is proper in this Court.  Trans Union admits that it

maintains a registered agent in Richmond, Virginia.  Trans Union denies the remaining

allegations in paragraph 3 of the Complaint.  Trans Union reserves the right to seek a transfer of this case pursuant to 28 U.S.C. § 1404.

## PARTIES

4.      Trans Union admits that Plaintiff is a "consumer" as defined by the FCRA.  Trans Union lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5.      Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware, doing business in Virginia.  Trans Union denies the remaining allegations in paragraph 5 of the Complaint.

8.      [SIC]Trans Union admits that it is a "consumer reporting agency" as defined by the FCRA.  Trans Union denies the remaining allegations in paragraph 8 of the Complaint.

## FACTS

10.      [SIC]Trans Union denies the allegations contained in paragraph 10 of the Complaint.

11.      Trans Union denies the allegations contained in paragraph 11 of the Complaint.

12.      Trans Union denies the allegations contained in paragraph 12 of the Complaint.

13.      Trans Union denies the allegations contained in paragraph 13 of the Complaint.

## CLASS ACTION ALLEGATIONS

14.      Trans Union admits that Plaintiff's Complaint purports to assert claims on behalf of Plaintiff and a class of other consumers, but Trans Union denies that this matter may be properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23.  Trans Union denies the remaining allegations contained in paragraph 14 of the Complaint.

15.      Trans Union denies the allegations contained in paragraph 15 of the Complaint.

16.      Trans Union denies the allegations contained in paragraph 16 of the Complaint.

17.     Trans Union denies the allegations contained in paragraph 17 of the Complaint.

18.     Trans Union denies the allegations contained in paragraph 18 of the Complaint.

19.     Trans Union denies the allegations contained in paragraph 19 of the Complaint.

20.     Trans Union denies the allegations contained in paragraph 20 of the Complaint.

## COUNT ONE:  VIOLATION OF THE FCRA, § 1681e(b)
## CLASS CLAIM

21.     Trans Union restates and incorporates its responses to paragraphs 1 – 20 above as though fully stated herein.

22.     Trans Union denies the allegations contained in paragraph 22 of the Complaint.

23.     Trans Union denies the allegations contained in paragraph 23 of the Complaint.

24.     Trans Union denies the allegations contained in paragraph 24 of the Complaint.

Prayer.  Trans Union denies the allegations contained in and relief sought by Plaintiff in the prayer of the Complaint.

## DEFENSES

25.     At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff and any putative class member in preparing consumer reports.

26.     Trans Union alleges that any purported damages allegedly suffered by Plaintiff and putative class member, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or third parties, over whom Trans Union has no control or responsibility.

27.     Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

28.     Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

29.     Some or all of the claims brought by Plaintiff or any putative class member against Trans Union are barred by the doctrine of collateral estoppel and res judicata.

30.     Some or all of the claims brought by Plaintiff or any putative class member against Trans Union are barred by the applicable statute of limitations.

31.     Plaintiff failed to mitigate her alleged damages.

32.     Plaintiff's claims for exemplary or punitive damages and the FCRA damage model is unconstitutionally vague and violates the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment and the laws and Constitution of the Commonwealth of Virginia.

33.     Any purported damages allegedly suffered by Plaintiff or any putative class member, which Trans Union continues to deny, were caused in whole or in part by an intervening or superceding cause.

34.     Trans Union reserves the right to seek a transfer of this case pursuant to 28 U.S.C. § 1404.

35.     Any claim for injunctive relief brought by Plaintiff or any putative class member is not authorized, provided for, or allowed under the FCRA.

36.     In the event that a settlement is reached between Plaintiff or any putative class member and any other person or entity, Trans Union is entitled to any settlement credits permitted by law.

37.     Trans Union alleges that this action may not properly proceed as a class action under Fed. R. Civ. P. 23 because, among other reasons, Plaintiff's claim is not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting putative class members;

a class action is not superior to other methods for the fair and efficient adjudication of Plaintiff's claim and any claims of the putative class members; the named Plaintiff and its counsel are unable to fairly and adequately protect the interests of putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

38.     Maintenance of this action as a class action is impermissible to the extent that it would violate Trans Union's right to confront witnesses against it as provided in the Sixth Amendment to the United States Constitution.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

Respectfully submitted,

/s/_____
Michael R. Ward
Virginia bar number 41133
Attorney for Trans Union
Morris & Morris, P.C.
P.O. Box 30
Richmond, VA 23218-0030
Phone:  (804) 344-8300
Fax:  (804) 344-8539
mward@morrismorris.com

DATED:  January 24, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on the 24 day of January, 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

Leonard Anthony Bennett
lenbennett@cox.net
Consumer Litigation Assoc PC
12515 Warwick Blvd, Suite 100
Newport News, VA 23606
757-930-3660
757-930-3662 Fax
*Counsel for Plaintiff*

I further certify that I will cause a copy of the foregoing Motion and corresponding NEF by electronic mail on the following non-filing user:  None

/s/_____
Michael R. Ward
Virginia bar number 41133
Attorney for Trans Union
Morris & Morris, P.C.
P.O. Box 30
Richmond, VA 23218-0030
Phone:  (804) 344-8300
Fax:  (804) 344-8539
mward@morrismorris.com

3275464.5/SP/83057/1057/012411