**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

DONNA K. SOUTTER,                                   :
    *for herself and on behalf of all*                :
    *similarly situated individuals*                   :
                                 :

      Plaintiff,                                     :
                                 :     Civil Action No. 3:10-cv-514
v.                                                  :

TRANS UNION, LLC,                                   :
                                 :
      Defendant.                                     :

<u>**FIRST AMENDED COMPLAINT**</u>

COMES NOW the Plaintiff, Donna K. Soutter, (hereafter, "the Plaintiff") by counsel, and

as for her First Amended Complaint against the Defendant, she alleges as follows:

<u>**INTRODUCTION**</u>

1.    This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15

U.S.C. § 1681e(b), *et seq*.  Plaintiff obtained a copy of her credit reports from Trans Union, LLC,

and discovered that it was reporting a judgment against her in favor of Virginia Credit Union in

Richmond General District Court.  This reporting was inaccurate.  Trans Union violated the

FCRA, 15 U.S.C. § 1681e(b) by failing to establish or maintain reasonable procedures to assure

maximum possible accuracy in the preparation of the credit reports and credit files it published

and maintained concerning the Plaintiff.  Plaintiff also seeks to represent a class of similarly

situated consumers.

<u>**JURISDICTION**</u>

2.    The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C.

§1331.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b), as Trans Union

maintains its registered agent in Richmond.

## PARTIES

4.      Plaintiff resides in the Commonwealth of Virginia, and she is a "consumer" as

protected and governed by the FCRA.

5.      Trans Union, LLC (hereinafter, "Trans Union") is an Illinois corporation, which

does business in the Commonwealth of Virginia.  At all times relevant hereto, it was a

"consumer reporting agency" as governed by the FCRA.

## FACTS

6.      Prior to December 2008, Plaintiff obtained a copy of her credit report from Trans

Union and discovered that Trans Union was reporting a judgment against her in favor of Virginia

Credit Union in Richmond General District Court.

7.      Trans Union's reporting of the judgment was inaccurate and in violation of the

FCRA, 15 U.S.C. § 1681e(b) due to Defendant's failure to follow reasonable procedures to

assure maximum possible accuracy in the preparation of the credit reports and credit files it

publishes and maintains concerning the Plaintiff.   If the Defendant had fully investigated, it

would have found that on March 02, 2008 the Court entered an Order that set aside and

dismissed the judgment, because the judgment was obtained against the Plaintiff in error.

8.      Trans Union failed to maintain reasonable procedures designed to avoid violations

of the FCRA, 15 U.S.C. § 1681e(b).

9.      Trans Union furnished multiple consumer reports regarding the Plaintiff to third

parties that contained the inaccurate information alleged herein.

## CLASS ACTION ALLEGATIONS

10.     Plaintiff re-alleges and reincorporates paragraphs 1 though 9 above as if fully set out herein.

11.      **The Class.**  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class (the "class") initially defined as follows:

> All natural persons for whom Trans Union's records note that a "hard inquiry" credit report was furnished to a third party other than for an employment purpose at a time when any Virginia General District Court or Circuit Court judgment that had been satisfied, appealed, or vacated more than 30 days earlier was reported in Trans Union's file as remaining unpaid.

12.     **Numerosity.  FED. R. CIV. P. 23(a)(1).**  Upon information and belief, the Plaintiff alleges that class members are so numerous that joinder of all is impractical.  The names and addresses of the class members are identifiable through documents the Defendant maintains, and the class members may be notified of the pendency of this action by published and/or mailed notice.

13.     **Existence and Predominance of Common Questions of Law and Fact.  FED. R. CIV. P. 23(a)(2).**  Common questions of law and fact exist as to all members of the class. These questions predominate over the questions affecting only individual members.  These common legal and factual questions include, but are not limited to:

> a.      Whether Trans Union provided a consumer report that reported a judgment without first fully investigating the public records to determine if the judgment was set aside, vacated, or dismissed with prejudice;
>
> b.      Whether Trans Union knowingly and intentionally committed an act in

3

conscious disregard of the rights of the consumer; and

c.        Whether Trans Union's conduct constituted violations of the FCRA.

14.      **Typicality.** FED. R. CIV. P. 23(a)(3)).  Plaintiff's claims are typical of the claims of each class member.  Plaintiff is entitled to relief under the same causes of action as the other members of the class.

15.      **Adequacy.** FED. R. CIV. P. 23(a)(4)).  Plaintiff is an adequate representative of the class, because her interests coincide with and are not antagonistic to the interests of the members of the class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she intends to prosecute this action vigorously.  Plaintiff and her counsel will fairly and adequately protect the interests of members of the class.

16.      **Superiority.** FED. R. CIV. P. 23(b)(3).  Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The damages each member suffered are such that individual prosecution would prove burdensome and expensive, given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for individual members of the class to effectively redress the wrongs done to them.  Even if members of the class could afford such individual litigation, it would be an unnecessary burden on the Courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments given the complex legal and factual issues Defendant's conduct raises and also increases the delay and expense to all parties and the court system.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of

proof in a case.

17.   **Injunctive Relief Appropriate for the Class.** FED. R. CIV. P. 23(b)(2).  Class

certification is appropriate, because Defendant has acted on grounds generally applicable to the

class, making appropriate equitable injunctive relief with respect to Plaintiff and the putative class

members.

## COUNT ONE: VIOLATION OF THE FCRA, § 1681e(b)

## CLASS CLAIM

18.   Plaintiff re-alleges and reincorporates paragraphs 1 though 17 above as if fully set

out herein.

19.   Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow

reasonable procedures to assure maximum possible accuracy in the preparation of the consumer

reports it furnished regarding the Plaintiff.

20.   As a result of the conduct, actions, and inactions of the Defendant as alleged in

this count, the Plaintiff suffered actual damages.

21.   Defendant's conduct, actions, and inactions were willful, rendering Defendant

liable for actual, statutory, and punitive damages, as well as attorneys' fees and costs in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.   In the alternative, the

Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff and the class members pray for relief as follows:

1.   An order certifying the proposed class herein under Federal Rule 23 and

appointing Plaintiff and her undersigned counsel of record to represent same;

2.   The creation of a common fund available to provide notice of and remedy for

5

Defendant's violations;

3.      Statutory and punitive damages for the class claims;

4.      Actual or statutory damages and punitive damages for the individual claims;

5.      Injunctive and declaratory relief as pled;

5.      Attorneys' fees, expenses, and costs;

6.      Pre-judgment and post-judgment interest as provided by law; and

7.      Such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**DONNA K. SOUTTER**,
*For herself and on behalf of all similarly situated individuals.*


_____/s/_____
Leonard A. Bennett, VSB # 37523
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
(757) 930-3660
(757) 930-3662 facsimile
lenbennett@clalegal.com